940 F.2d 435
 21 Envtl. L. Rep. 21,237
 HEADWATERS, INC., Plaintiff-Appellant,
v.
BUREAU OF LAND MANAGEMENT, MEDFORD DISTRICT; David A.
Jones, District Manager, in his official capacity;
Croman Corporation, Defendants-Appellees,
Association of O & C Counties, Defendant-Intervenor-Appellee.
 No. 89-35688.
 United States Court of Appeals,
Ninth Circuit.
 July 23, 1991.
 
 Todd D. True, Sierra Club Legal Defense Fund, Seattle, Wash., for plaintiff-appellant.
 Martin W. Matzen, U.S. Dept. of Justice, Washington, D.C., Michael E. Haglund, Haglund & Kirtley, Portland, Or., and Kevin Q. Davis, Stoel Rives Boley Jones & Grey, Portland, Or., for defendants-appellees.
 Before WALLACE, Chief Judge, and FERGUSON and BRUNETTI, Circuit Judges.
 
 ORDER DENYING PETITION FOR REHEARING
 
 1
 Judges Wallace and Brunetti have voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc. Judge Ferguson has voted to grant the petition for rehearing and recommended acceptance of the suggestion for rehearing en banc.
 
 
 2
 In its petition for rehearing, Headwaters argues that we should remand this case for reconsideration in light of the recent designation of the spotted owl as an endangered species. See 55 Fed.Reg. 26114 (June 26, 1990). However, the endangered species designation does not affect the claim before this court that the Bureau has violated the National Environmental Policy Act (NEPA). See 42 U.S.C. Sec. 4332(2)(C). We have already held that the original environmental impact statement conformed with the requirements of NEPA, and Headwaters has not presented significant new information undermining this analysis. See Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 374, 109 S.Ct. 1851, 1859, 104 L.Ed.2d 377 (1989) (agency must file a supplemental impact statement only if its previous filings have been undermined by significant new information); Enos v. Marsh, 769 F.2d 1363, 1374 (9th Cir.1985) (supplemental impact statement not required although original impact statement was filed prior to designation of an affected species as endangered). The fact that Headwaters may decide to assert a claim under the Endangered Species Act, 16 U.S.C. Sec. 1531 et seq., does not require remand for redetermination in its case under NEPA.
 
 
 3
 The full court has been advised of the suggestion for an en banc hearing. An active judge called for an en banc vote, and a majority of the judges of the court has voted to reject the suggestion for rehearing en banc. Fed.R.App.P. 35(b).
 
 
 4
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 FERGUSON, Circuit Judge, dissenting:
 
 5
 I dissent from the order denying the petition of the plaintiff-appellant for a rehearing. The petition and the response of the government reveals startling facts which require a rehearing.
 
 
 6
 In Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 109 S.Ct. 1851, 104 L.Ed.2d 377 (1989), the Supreme Court told us that the provisions of the National Environmental Protection Act of 1969 (NEPA), 42 U.S.C. Sec. 4321 et seq., are designed to prevent agency action based on incomplete or outdated information, thereby ensuring that the agency will not realize the adverse impact of its actions too late. The regulations of the Council on Environmental Quality "impose a duty on all federal agencies to prepare supplements to ... final EIS's [environmental impact statements] if there 'are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts.' " Marsh, 490 U.S. at 372, 109 S.Ct. at 1858 (quoting 40 C.F.R. Sec. 1502.9(c) (1987)). Marsh tells us that when the dispute involves an analysis of documents and facts which are conflicting, the courts "must defer to the 'informed discretion of the responsible federal agencies.' " Id. at 377, 109 S.Ct. at 1861 (quoting Kleppe v. Sierra Club, 427 U.S. 390, 412, 96 S.Ct. 2718, 2731, 49 L.Ed.2d 576 (1976)). However, despite this deference, the courts are directed to "carefully review[ ] the record and satisfy[ ] themselves that the agency has made a reasoned decision based on its evaluation of the significance--or lack of significance--of the new information." Id. 490 U.S. at 378, 109 S.Ct. at 1861.
 
 
 7
 The record in this case demonstrates without argument that (1) the initial Environmental Impact Statement was prepared in 1979; (2) the last time the agency considered new information concerning the northern spotted owl was 1986; (3) on April 29, 1989, the U.S. Fish and Wildlife Service publicly announced that it was proposing to list the northern spotted owl as "threatened" under the Endangered Species Act; (4) the district court was made aware of this new information by the pretrial conference order; (5) the district court failed to address the changing status of the owl in its opinion on the validity of the EIS; (6) this court, in its opinion affirming the district court, has ignored this new fact entirely.
 
 
 8
 It is submitted that Marsh mandates a rehearing.
 
 
 9
 It would be incongruous with ... the Act's manifest concern with preventing uninformed action, for the blinders to adverse environmental effects, once unequivocally removed, to be restored prior to the completion of agency action simply because the relevant proposal has initial approval.
 
 
 10
 Id. at 371, 109 S.Ct. at 1858. There is no factual dispute here over the northern spotted owl's current status which demands this court's deference. A review of the record makes clear that the current EIS does not take into consideration the new status of the owl, and neither do the opinions of the district court and this court.
 
 
 11
 An environmental impact statement addressing possible effects on the owl may have been sufficient in 1979, or even as late as 1986. However, when during the course of trial proceedings the agency and the court learn of the new status of the owl, there must be action by the agency, and certainly by the courts, so that they will not "regret [their] decision after it is too late to correct." Id. at 371, 109 S.Ct. at 1858.
 
 
 12
 The court has a duty to decide the issues in each case before it, including those which have been presented during the course of litigation and before judgment. To do less is to acknowledge that we are not governed by the rule of law.
 
 
 13
 I submit that this court must grant the petition for rehearing and dispose of the facts that are in this litigation.